United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2007**

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals
For The Fifth Circuit*

No. 06-30352

STACY VALLIAN, on behalf of K.V.,
    Plaintiff - Appellant,

v.

LINDA S. MCMAHON, COMMISSIONER OF SOCIAL SECURITY,
    Defendant - Appellee.

Appeal from United States District Court
for the Western District of Louisiana
No. 6:04-CV-01463

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

An ALJ awarded the plaintiff supplemental social security income on behalf of her minor son, K.V. More than two years later, the Commission terminated benefits after concluding that the plaintiff's favorable decision was made in error. The plaintiff unsuccessfully sought review before an ALJ and sought further review in district court. We now affirm.

Stacy Vallian filed for supplemental social security income benefits on behalf of her child in November 1992, alleging disability due to a heart defect. Her initial application was

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied, but the Appeals Council remanded the case to an ALJ for further development of the record. After a supplemental hearing, ALJ Emery Curlee awarded benefits in March 1998, determining that K.V. was disabled under § 110.07(A) of the listed impairments.[1] The Commission later informed Stacy Vallian that it had evidence showing that ALJ Curlee's decision awarding benefits was made in error. Pursuant to 20 C.F.R § 416.994a(e)(2), which allows the agency to discontinue benefits if "[s]ubstantial evidence demonstrates that any prior disability decision was made in error,"[2] the agency terminated benefits in November 2000. Vallian sought reconsideration and ultimately obtained a hearing before ALJ Lyndell Pickett in July 2003. ALJ Pickett reviewed the evidence in the record and determined that K.V.'s impairments did not meet a listed impairment and that the prior decision was therefore made in error. In his decision, ALJ Pickett cited an opinion from a medical consultant who had also reviewed the medical evidence pertaining to K.V.'s impairments. After the Appeals Council denied review, ALJ Pickett's decision became the final administrative decision of the Commissioner. The district court affirmed the decision, and Vallian now appeals.

Our review is limited to whether substantial evidence supports the Commissioner's decision and whether the Commissioner used the proper legal standards to evaluate the evidence.[3] The district court found that substantial evidence supports the Commissioner's

---

[1] 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 110.07(A) (2003).

[2] 20 C.F.R § 416.994a(e)(2) (2000).

[3] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

2

decision, and we agree.

Vallian first argues that it was improper for ALJ Pickett to rely on the medical consultant's report that identified errors in the prior disability determination. Vallian suggests that because the record does not identify the medical consultant or his area of specialty, ALJ Pickett could not rely on the consultant's explanation. This argument is misplaced, because ALJ Pickett's determination that the prior decision was made in error does not depend on the medical consultant's report. Rather, ALJ Pickett conducted an independent review of the record and determined that there was substantial evidence showing error in the prior decision.[4] Specifically, ALJ Curlee did not identify the objective criteria for a finding of disability under § 110.07(A). The medical consultant's report was largely irrelevant to this determination.

Vallian's second argument is that ALJ Pickett was precluded from finding error in the previous determination because the record is incomplete. She notes that ALJ Curlee based her determination, in part, on testimony from Dr. Smith, a non-examining medical adviser. In accordance with regulations, a transcript of Dr. Smith's testimony and observations was never prepared,[5] nor was it included in the record before ALJ Pickett. Vallian argues that the absence of Dr. Smith's complete testimony is fatal to ALJ Pickett's decision.

We reject Vallian's second argument. 20 C.F.R. § 416.994a(e)(2) allows the agency

---

[4]*See* 20 C.F.R. 416.994a(e)(2).

[5]*See* 20 C.F.R. § 416.1451(b) (1998) (addressing when a transcript of hearing testimony will be prepared).

to base its finding of error on "evidence on the record at the time any prior determination or decision of the entitlement to benefits based on disability was made, or newly obtained evidence which relates to that determination or decision."[6] Because a review of newly obtained evidence alone can support a finding of error in a prior disability determination, we cannot say that an ALJ is required to review *all* the evidence on record at the time of the prior determination. In this case, ALJ Pickett based his decision on a full review of the record before him, which includes newly obtained evidence in addition to evidence relied on by ALJ Curlee in the previous proceeding. ALJ Pickett's decision is supported by substantial evidence contained in the record, and ALJ Pickett was not required to review Dr. Smith's hearing testimony before reaching his conclusion.

We AFFIRM.

---

[6]20 C.F.R. 416.994a(e)(2).